```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                       HARRISON DIVISION
```

**MARY L. McBRIDE**                                              **PLAINTIFF**

       **v.**        **Civil No. 04-3019**

**THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA**                                                   **DEFENDANT**

## O R D E R

Now on this 9th day of February, 2007, comes on for consideration **Plaintiff's Motion For Attorneys' Fees And Expenses** (document #31), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff is the prevailing party in this ERISA case, and now moves for an award of attorney's fees and costs. Defendant makes the following objections to the motion:

* plaintiff has failed to demonstrate an entitlement to fees;

* the motion is not timely;

* there is no affidavit setting out the time and tasks for which reimbursement is sought;

* there is no way to distinguish attorney time from paralegal time;

* there are unwarranted and excessive entries in the list of services rendered;

* the hourly rates for both attorney and paralegal time are excessive;

* the request for costs is not sufficiently detailed.

2.   Several of these objections may be summarily dealt with:

*   It was not necessary that plaintiff brief the basis of her entitlement to an award of fees, because in the same Order wherein it found benefits payable, the Court found that plaintiff was entitled to an award of attorney's fees.

*   The Court has already considered the untimeliness of the motion, and determined in connection with the telephone conference on this matter held on January 29, 2007, that it would allow plaintiff to file the motion if that could be done within a few days.  Plaintiff filed the motion that same day.

*   While it is true that there is no affidavit setting out the time and tasks as required by **Local Rule 54.1**, the Court finds it appropriate to treat the motion itself, with its supporting documentation, as an affidavit, given that the attorney signing it is an officer of the court and his declaration is "virtually made under oath."  <u>U.S. v. Cox</u>, **580 F.2d 317, 322 (8th Cir. 1978).**

*   The request for costs, in the sum of $370, while not supported by documentation, appears reasonable in light of the nature of the case and the types of documentation necessarily obtained to pursue it.

4.   The objections as to unwarranted and excessive entries are also easily dealt with.  The Court does not find the entry of one hour relating to the affidavit for service excessive, given that other tasks were included.  The Court does find the entries for preparation of interrogatories and review of responses thereto to be

-2-

unwarranted, given that ordinarily discovery does not take place in an ERISA judicial review, and will deduct 1.5 hours for those entries.

5.   The remaining objections give the Court greater pause. First, it is impossible to tell from the motion which tasks were performed by an attorney, and which by a paralegal.  There is only the bare assertion that 19.25 hours of attorney time and 29.75 hours of paralegal time are involved.  Second, the hourly rates claimed ($250/hour[1] for attorney time and $125/hour for paralegal time) are excessive.  In addition, although the issue was not raised by defendant, the Court notes that under current Eighth Circuit precedent, attorney's fees in ERISA cases are not recoverable for pre-litigation administrative proceedings. **Parke v. First Reliance Standard Life Insurance Co.**, **368 F.3d 999 (8th Cir. 2004)**.

The Court believes the fairest way to resolve these problems is as follows.  First, the Court will deduct 19.50 hours from the total number of hours claimed.  That number represents the time expended at the administrative level and the time expended on interrogatories.  The remaining 30 hours of time expended in representing the plaintiff in this case will be apportioned 12 hours to attorney time and 18 hours to paralegal time -- which approximates the approportionment of time between attorney and paralegal for the hours actually claimed by plaintiff.

---

[1] While the motion asserts that the hourly rate sought for attorney time is $350/hour, the statement of services rendered computes a sum based on $250/hour.

-3-

As to the rate, the Eighth Circuit has held that "courts may draw on their own experience and knowledge of prevailing market rates" in setting attorney's fees. **Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005).** Given the nature of this case, and the quality of the representation, the Court finds that $150/hour is a fair and reasonable rate for the attorney's time, and $60/hour is appropriate for paralegal time. That computes to $1,800 for attorney time and $1,080 for paralegal time.

Combining the costs, attorney time, and paralegal time, the Cuort concludes that a fee of $3,250 is appropriate in this matter.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion For Attorneys' Fees And Expenses** (document #31) is **granted,** and a fee of $3,250 will be included in the final judgment to be entered in this case.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**