```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

JAMES H. COFFMAN, EXECUTOR OF THE
ESTATE OF MARY L. McBRIDE, DECEASED                               PLAINTIFF

                  v.           Civil No. 04-3019

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA                                                        DEFENDANT

### O R D E R

Now on this 28th day of March, 2007, come on for consideration plaintiff's **Rule 59 Motion To Amend Judgment** (document #39) and **Substituted Motion To Amend Judgment** (document #40). It appearing that the first of these motions was filed in error, that motion will be summarily denied, and the Court will address only the second of the motions.

1. This case arose under the Employee Retirement Income Security Act ("ERISA"). Plaintiff Mary McBride (now deceased), filed suit on March 31, 2004, alleging that her employer, Centurytel of Mountain Home, Inc. ("CenturyTel"), sponsored and administered an employee benefit plan ("the Plan") which included provisions for disability insurance and a continuing policy of life insurance for employees who became disabled. McBride alleged that she had become disabled, and sought - along with past-due short and long term disability benefits - "reimbursement for all premiums required to be paid by the Plaintiff or necessary for reinstatement in the waiver of premium provisions under the life insurance plan including but not limited to pre-judgment interest on said amounts."

2. On September 21, 2006, the Court entered summary judgment in McBride's favor, finding that she was entitled to long-term disability benefits. In the same Order, the Court dismissed CenturyTel and MetLife, finding that McBride had made no showing of any conduct on their part that affected the termination of her disability benefits.

3. Although the Court had not been so advised when it entered the September 21 Order, McBride had passed away on January 13, 2006. The Court's finding that she was entitled to disability benefits would, under the allegations of the Complaint, have ripened a claim for the proceeds of the life insurance said to be a part of CenturyTel's employee benefits package. The Substituted Motion To Amend Judgment asks the Court to "reinstate" CenturyTel and MetLife, so that McBride's executor can recover the proceeds of the life insurance policy.

4. **F.R.C.P. 60** allows for relief "from a final judgment, order, or proceeding" for a variety of specific reasons, none particularly relevant here, and - under subsection (b)(6) - for "any other reason justifying relief from the operation of the judgment." The Court believes that the situation described above logically falls into this category, given that until two things occurred (a finding in favor of McBride on the disability issue, and her unfortunate death) the life insurance claim was not ripe. It has been said that a motion pursuant to **F.R.C.P. 60(b)(6)** allows "a district court to inject equity and revive an otherwise lifeless

claim."  **Watkins v. Lundell**, **169 F.3d 540, 544 (8th Cir. 1999).**

A motion for such relief must be made "within a reasonable time."  What length of time is reasonable depends on the particular facts of the case.  **Middleton v. McDonald**, **388 F.3d 614, 617 (8th Cir. 2004).**  Documentation submitted in connection with a request for attorney's fees indicates that plaintiff's counsel was informed that McBride had passed away on September 1, 2006, and the Order dismissing CenturyTel and MetLife was entered on September 21, 2006. The motion now under consideration was filed a little over five months later, on February 26, 2007.  While the Court could have wished for more prompt action, it is not persuaded that a five-month delay is unreasonable under the circumstances of this case.

5.   Both CenturyTel and Prudential admit that the Plan provided life insurance benefits to covered individuals, but assert that such life insurance was provided by a company which was never named as a defendant in this suit.  Prudential and MetLife both deny that they issued any type of life insurance policy insuring McBride's life, and point out that McBride pled, in paragraph 7 of her Complaint, that the life insurance policy in question was issued by John Hancock.  Plaintiff has not denied the assertion that life insurance, although available under the Plan, was not available from any of the named defendants.  Nor has plaintiff offered any authority that would allow the Court to grant relief from a judgment or order in the form of allowing pursuit of recovery from an unnamed entity.  For these reasons, the Court concludes that it would be a

futile act to grant the requested relief, and the motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Rule 59 Motion To Amend Judgment** (document #39) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Substituted Motion To Amend Judgment** (document #40) is **denied.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**